Carl H. HILL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22672.

United States Court of Appeals
Fifth Circuit.

June 29, 1966.

---

William P. Fonville, Dallas, Tex., for appellant.

Meyer Rothwacks, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., Robert S. Travis, Asst. U. S. Atty., Fort Worth, Tex., John P. Burke, Atty., Dept. of Justice, Washington, D. C., Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., for appellee, Melvin M. Diggs, U. S. Atty., of counsel.

Before RIVES and BELL, Circuit Judges, and FULTON, District Judge.

FULTON, District Judge:

Appellant Hill was indicted on two counts of tax evasion under 26 U.S.C.A. § 7201. Count one charged Hill with willfully attempting to evade the taxes of Wilmar General Contractors, Inc., for the fiscal year ending June 31, 1958. Count two charged Hill with willfully attempting to evade his personal income taxes for the calendar year 1957. A jury trial resulted in a verdict of not guilty on count one but a verdict of guilty on count two. Hill appeals from the judgment of conviction. He urges six assignments of error, each of which relates to the admissibility of evidence. Prejudicial error has not been demonstrated. We affirm.

The facts are not in dispute. Hill, Hugh A. White, and Ernest J. Marcussen, owned all of the capital stock of the corporation, with each of them owning one-third thereof. Hill was vice-president and secretary of the corporation, White was its president, and Marcussen was a vice-president. White was deceased at time of trial. Marcussen appeared at trial as a government witness.

During 1957 six checks payable to the corporation, aggregating several thousands of dollars, were cashed and the proceeds thereof were distributed among Hill, White and Marcussen, with each receiving one-third thereof. During the same year White purchased an automobile with corporate funds. When Marcussen complained about White's use of the automobile, White paid one-third of the amount which the corporation had paid for the automobile to Marcussen and one-third thereof to Hill.

In his income tax return for the year 1957 Hill failed to include the income which he received from the cashing of the corporate checks and from the automobile transaction. Hill's defense to the second count was that the proceeds which he received from the corporate checks and from the automobile transaction were retained by him as reimbursement for advances which he had personally made for the benefit of the business enterprise, at a time prior to its incorporation and while it was being operated as a partnership. However, Hill offered no evidence to substantiate his claim for such reimbursement. Instead he admitted that he kept no records of his claimed advances.

The assignments of error which Hill urges on appeal are the following:

(1) That the court erred by admitting into evidence Marcussen's 1957 tax return, wherein Marcussen reported as income his one-third share of

the proceeds from the checks and from the automobile transaction;

(2) That the court erred by failing to adequately charge the jury and by failing to grant a motion for mistrial when the court excluded as hearsay a telephone conversation which had been received previously over objection;

(3) and (4) That the court erred by permitting the corporate accountant to testify that after Hill's tax return had been filed he advised Hill to file an amended return; and that the court erred in failing to charge the jury to disregard this testimony.

(5) That the court erred by admitting into evidence the minutes of a corporate Board meeting which was held after the filing of the tax returns in question, at which meeting the Board redeemed White's stock in the corporation and elected Hill president;

(6) That the court erred by admitting into evidence the minutes of a corporate Board meeting which was held after the filing of the tax return in question, at which meeting the Board approved a contract between White and the corporation whereby White would receive a percentage of the gross amount of the corporation's future contracts.

## ADMISSION OF MARCUSSEN'S TAX RETURN

### (Assignment No. 1)

█ When Marcussen was called to testify for the government the record was then replete with evidence that Marcussen had shared in the proceeds from the corporate checks. Marcussen's tax return, which included his share of the proceeds from the checks and from the automobile transaction, was relevant to show that his testimony was not motivated by a fear of prosecution for tax evasion. It was admissible upon the question of his interest or lack of interest in the outcome of the trial, and thus went to his credibility. No reversible error was committed by the admission into evidence of Marcussen's tax return.

## ADEQUACY OF INSTRUCTION EXCLUDING HEARSAY

### (Assignment No. 2)

Over objection Marcussen testified that in April of 1958 White called him on the telephone to discuss White's purchase of Marcussen's stock in the corporation. Hill was not a party to this conversation. Marcussen stated that during this conversation White told him that White had called the Revenue Department, and had straightened out the corporation's tax situation. Marcussen testified that he replied that he was not worried about his own tax liability because he would report all of his earnings. At the close of Marcussen's direct examination, the trial judge perceived his error in admitting this testimony; and he directed the jury to disregard it.[1]

█ Appellant contends that the court's later instruction to the jury to disregard such testimony was inadequate; and that the court erred in denying his motion for a mistrial. We disagree. Hill's contention is two fold. First, he contends that the prejudicial nature of the telephone conversation could not be removed by an instruction to the jury to disregard it. The law is well settled to the contrary. Generally, evidence which is withdrawn from the jury with a direction by the court that it be disregarded may not be the basis of reversible error. United States v. Haskins, 345

---

1. "The Court:

"Just a moment.

"Members of the jury, the Court has been thinking about this witness' answer to the question, what did Mr. White tell him on the telephone that he answered and testified to, doesn't have any bearing whatever on the Government's case against this defendant Hill, he didn't mention Hill's name, and that is absolutely immaterial, and therefore I am going to sustain the objection made to it and instruct you to completely put it out of your mind, disregard it." (R. 198.)

F.2d 111, 115 (6th Cir. 1965); United States v. Farber, 336 F.2d 586, 589 (6th Cir. 1964); Fahning v. United States, 299 F.2d 579, 581 (5th Cir. 1962). The testimony erroneously admitted here was not so prejudicial, nor of such an inflammatory nature, that its harmful effect could not be cured by a proper cautionary instruction to the jury. Cf. Helton v. United States, 221 F.2d 338 (5th Cir. 1955). Hill next contends that the trial court's instruction was insufficient to cure the prejudicial effect of the testimony because it did not summarize for the jury the testimony that was then being excluded. However, no request was made of the trial court to include such summary in its instruction. Counsel for Hill merely stated that he believed that the evidence, having been received and heard by the jury, could not then be cured by the instruction that was given. The instruction that was given to the jury was entirely sufficient. The granting of a motion for a mistrial is a matter within the sound discretion of the trial court. No abuse of discretion has been shown in this case. See Fahning v. United States, supra.

## THE ADMISSION OF THE ACCOUNTANT'S ADVICE TO HILL

### (Assignments Nos. 3 and 4)

■ The corporation's accountant prepared both the corporation's return and Hill's personal return. The corporation's return was filed on April 16, 1958 and Hill's return was filed on March 25, 1958. The accountant testified that in May of 1958 he met with Hill, White and Marcussen, at which time he was informed by White that Hill, White and Marcussen had cashed checks belonging to the corporation and divided the proceeds among themselves, as reimbursement for business expenses which each previously had incurred. The accountant then testified that he advised White, Hill and Marcussen to file amended personal returns to report the receipt of their respective shares of the proceeds of the cashed checks; and that he cautioned them to claim reimbursement for business expenses only by using journal entries properly supported by expense statements. Hill contends that this testimony was inadmissible because it dealt with events which occurred after the returns in question had been filed. Hill assumes that because the offense of tax evasion was complete upon the filing of his tax return, all statements, acts and omissions which occurred thereafter are inadmissible. We do not agree.

■ In proof of criminal tax evasion the defendant's intent is a necessary element. Evidence which is relevant and otherwise admissible to determine willfulness is not made inadmissible merely because the act or omission offered occurred shortly after the returns in question were filed. United States v. Northern, 329 F.2d 794 (6th Cir. 1964), cert. den. 377 U.S. 991, 84 S.Ct. 1915, 12 L.Ed.2d 1044 (1964). On the issue of willfulness the prompt correction of errors by filing amended returns and by making tax payments is relevant. See Berkovitz v. United States, 213 F.2d 468, 472 (5th Cir. 1954) and Heindel v. United States, 150 F.2d 493, 497 (6th Cir. 1945). Conversely, where a defendant has an opportunity to correct his return, and is put on notice that such correction is necessary, his failure to take steps to file an amended return is a proper matter for a jury to consider in determining intent or lack of intent. In United States v. Alker, 260 F.2d 135, 157 (3rd Cir. 1958), it was said:

The law is well settled that prior and subsequent acts whether they portray criminality or not when substantially similar to the subject matter forming the basis of the indictment are probative to negate the inference that the crucial conduct was unintentional, innocent, inadvertent or the product of [a] mistake.

■ We reject this assigned error for a second and entirely different reason. When Hill testified in his own behalf, he substantially repeated the ac-

countant's testimony which is complained about in this assignment. If there was any error in the admission of the accountant's testimony, it was cured by Hill's testimony to the same facts. See Barshop v. United States, 192 F.2d 699 (5th Cir. 1951), cert. den., 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 688 (1952). Thus we find no prejudicial error in the admission of the accountant's testimony, or the trial court's refusal to withdraw it from the jury's consideration.

## ADMISSION OF MINUTES OF CORPORATE MEETINGS

### (Assignments Nos. 5 and 6)

 Hill has assigned as separate errors the admission into evidence of the minutes of two meetings of the corporate Board of Directors, which meetings were held after the returns in question had been filed. The first meeting was held on January 22, 1959. The second meeting took place on March 24, 1959. The minutes show that Hill was present and participated in both meetings.

At the first meeting the corporation voted to redeem White's stock. White thereupon resigned as president. The Board then elected Hill to succeed White. At the second meeting the corporation entered into an agreement with White, whereby White was to receive a percentage of the gross amount on all future contracts entered into by the corporation until January 31, 1962. The consideration from White therefor was his prior and future service to the corporation as a management counsellor.

We agree with Hill's contention that the minutes of both meetings were irrelevant to the charges against him. However no prejudicial error has been made to appear by the reception of these minutes.

No reversible error has been made to appear as to any of the assignments. The judgment of the district court is therefore

Affirmed.