CHARLES WILLIAM MILLER, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

452 S.W.2d 369.

Court of Criminal Appeals of Tennessee. Nov. 19, 1969.

Certiorari Denied by Supreme Court March 16, 1970.

K. D. McCasland, Jr., Knoxville, for plaintiff in error.

George F. McCanless, Atty. Gen., Robert F. Hedgepath, Asst. Atty. Gen., Nashville, Joseph J. Nigro, Asst. Dist. Atty. Gen., Bernard E. Bernstein, Knoxville, for defendant in error.

## OPINION

GALBREATH, Judge.

The plaintiff in error by his own admission shot and killed one Tyrone Wilson, a young Negro, following an unpleasantness over the use and removal of an empty soft drink bottle from a service station on Western Avenue in Knoxville by the deceased on the evening of July 27, 1967. The defendant below sought to justify the slaying as necessary to his self-defense, contending that when he and a co-defendant, who was exonerated by the jury, located the victim and reprimanded him for taking the Coca Cola bottle from the service station, the deceased became belligerent and gave the impression he was about to pull something out of his pocket.

From his conviction for second degree murder and ten year sentence, the defendant below appeals and assigns as sole error the admission of testimony from an interrogating police officer, Detective Robert Chadwell, detailing the statement the defendant gave to him after being taken into custody. It is contended on behalf of the plaintiff in error that the so-called "Miranda" warnings given him were insufficient and that the State did not establish a valid waiver of the rights against self-incrimination and to counsel.

From a careful reading of the record, the trial court appears justified in his finding that the statement of the defendant was "freely and voluntarily given, no coercion, threats * * * were used to elicit the statements * * *"

Actually, there is no question of the adequacy of the warnings given to be decided here. There was never any doubt as to the identity of the person who killed the

victim. The only question to be resolved by the jury was that of criminal responsibility. The defendant was not at all reluctant to advance his theory of self-defense. Even if there had been no full compliance with the rules explaining the safeguards available to a suspect undergoing in-custody interrogation in this case, the verdict of the jury could not here be set aside.

The defendant took the witness stand in this case. He was not compelled to do so by the statement he had made to Detective Chadwell. It was not a situation that forced him to go upon the stand to explain or deny the statement. Instead, he took the stand to reiterate the statement and to explain personally to the jury the version of the killing he had to establish in order to save himself from conviction.

Once the State established that the defendant killed the deceased, there arose a presumption of murder in the second degree. See Witt v. State, 46 Tenn. 5; Underhill's Criminal Evidence, 5th Ed. § 657. In order to rebut this presumption, it was incumbent on the defendant to overcome or negate it by competent proof. This he sought to do by his testimony that the deceased, in his opinion, was threatening him with serious injury at the time of the shooting. This raised a question of fact for the jury's determination. Actually, the detective's testimony was thus beneficial to the defendant as it was in corroboration of the very facts sought to be proved by way of defense. We encounter the same situation in a recent case and observed:

> "The defendant went upon the stand and testified to the identical facts related to the jury by the officer as told him by her. This is not a case where she was

forced to take the stand to explain away prejudicial evidence that had been improperly admitted. She, by the nature of the competent proof presented by the State, had to present the factual situation disclosed to the officer for the consideration of the jury in order to excuse, at least in part, the killing." McClain v. State, 445 S.W.2d 942, Ct. of Crim. App., Cert. Denied June, 1969.

If the warnings had not been adequate so that under ordinary circumstances the admission of the officer's testimony concerning the statement would have constituted reversible error, such error would be cured by the defendant taking the stand and testifying to the same facts. See Hill v. United States, 5 Cir., 363 F.2d 176 (1969).

The judgment of the trial court is affirmed.

WALKER, P. J., and OLIVER, J., concur.