UNITED STATES of America ex rel. James R. RIFFERT, Appellant,

v.

Alfred T. RUNDLE, Superintendent.

No. 71–1652.

United States Court of Appeals, Third Circuit.

Argued May 25, 1972.

Decided July 11, 1972.

Herbert K. Fisher, Bloom, Ocks & Fisher, Philadelphia, Pa., for appellant.

Michael Luber, Asst. Atty. Gen., Dante Mattioni, Deputy Atty. Gen., E. Pennsylvania, J. Shane Creamer, Atty. Gen., Philadelphia, Pa., for appellee.

Before STALEY, ALDISEXT and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

James Riffert was convicted in the criminal courts of Clinton County, Pennsylvania, on charges of burglary, larceny, robbery, and assault and battery. After exhausting his state remedies, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. The petition was denied without a hearing.

In this appeal, Riffert raises three points of alleged error: (1) that the confrontation and identification procedure employed at his preliminary hear-

ing was violative of the due process standard enunciated in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); (2) that the admission of certain evidence was erroneous and warrants the granting of a new trial; and (3) that it was reversible error for the trial court not to instruct the jury that a unanimous verdict was required. We shall consider these points seriatim.

## I

Riffert's preliminary hearing was held ten days after his arrest. At that time, he was led into the courtroom handcuffed and accompanied by two policemen and his attorney. It is undisputed that a number of the Commonwealth's witnesses—subpoenaed and present to testify on its behalf—saw appellant as he was led into the room. The handcuffs were removed prior to the commencement of the proceedings.

■■ It has long been a recognized attack upon a criminal conviction that a defendant was subjected to a pretrial confrontation and identification "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to amount to a denial of due process. Stovall v. Denno, *supra*, 388 U.S. at 302, 87 S.Ct. at 1972; Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). This basic principle was re-

cently reaffirmed by the Supreme Court in its decision in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1970). There, while determining that United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967),[1] required the presence of counsel at only those lineups conducted after the "onset of formal prosecutorial proceedings," Kirby v. Illinois, *supra*, 406 U.S. 690, 92 S.Ct. 1882, the Court nevertheless again stated that the "Due Process Clause of the Fifth and Fourteenth Amendments forbids a lineup that is unnecessarily suggestive and conducive to irreparable mistaken identification." Kirby v. Illinois, *supra*, 406 U.S. at 691, 92 S.Ct. at 1883.

■ The inherent suggestiveness of any one-to-one identification may very well be increased when a witness is asked to positively identify a defendant in the context of a judicial proceeding already instituted against him. See, *e. g.* Dade v. United States, 132 U.S.App. D.C. 229, 407 F.2d 692, 695 (1968) (concurring opinion of Bazelon, C. J.). To minimize this effect, any identification initially made at a judicial proceeding, should be kept, wherever possible, within the formal context of that proceeding. This is precisely what was done in the instant case.[2]

---

1. *Wade* and *Gilbert* held that an extrajudicial presentation of an accused to a witness for the express purpose of identification is a "critical stage of the prosecution," so as to require the assistance of counsel. *Wade, supra*, 388 U.S. 227, 87 S.Ct. 1926. Absent counsel at a lineup, not only must evidence of any pretrial identification be excluded at trial but also an independent foundation for the in-court identification must be established. *Wade, supra*, 388 U.S. 239–243, 87 S.Ct. 1926.

2. Although opposing counsel have called to our attention and emphasized a case decided by this Court, United States v. Lipowitz, 407 F.2d 597 (3d Cir. 1969), we do not consider that decision particularly on point. In *Lipowitz* the witnesses

were brought to the arraignment for the sole purpose of identifying the accused (unknown to him) and not to participate as witnesses in those proceedings. As stated by Judge Biggs, "it was not disputed that proceedings other than [the defendant's] arraignment were taking place while [the witnesses] were in the courtroom." United States v. Lipowitz, *supra*, 407 F.2d at 599.

Further, there are, in fact, two "*Lipowitz*" cases, both arising out of the same robbery, United States v. Lipowitz (Appeal of Muller), 401 F.2d 591 (3d Cir. 1968), cert. denied 395 U.S. 924, 89 S.Ct. 1778, 23 L.Ed.2d 240 (1969) and United States v. Lipowitz (Appeal of Smith), 407 F.2d 597 (3d Cir. 1969). The circumstances of the identification at issue in each case were substantially the same.

■ It would certainly be a misnomer to refer to the circumstances of this case as anything resembling a "police identification procedure." [3] The two witnesses here did not merely observe Riffert and subsequently make known their positive identification to the police. Rather, they were present at the hearing in order to testify for the Commonwealth and their identifications were made in that context with full opportunity to defense counsel to cross-examine. Counsel was present and participated throughout the hearing and was therefore able to cross-examine the witnesses both at the hearing and the trial as to any weakness in their identifications. Further, there is no indication in the record, nor does counsel suggest, that the police "aided" the two witnesses in their identification prior to their taking the stand. There was no violation of due process. See United States v. Hardy (Appeal of Andrews), 451 F.2d 905 (3d Cir. 1971), and United States v. Hardy (Appeal of Hardy), 448 F.2d 423 (3d Cir. 1971).

■ The record does not reveal why the Commonwealth considered it necessary to utilize handcuffs and we do not consider it appropriate, absent countervailing facts in the record, to second guess its decision that restraints were required. Although an identification which occurs in a context of an unnecessary portrayal of a defendant as a "criminal" may under certain circumstances amount to fundamental unfairness, Stovall v. Denno, *supra*, this degree of suggestiveness is certainly not present in the instant case. The hand-

cuffs were removed as Riffert entered the courtroom and we cannot say that the chance observation by two of the witnesses was "so unnecessarily suggestive and conducive to irreparable mistaken identification" to deny appellant due process of law. Stovall v. Denno, *supra*, 388 U.S. at 302, 87 S.Ct. at 1972.

**II**

Riffert contends that the failure of the trial court to charge the jury that unanimity was required is reversible error. This argument is advanced despite the following: (1) no objection to the charge was made; and (2) the subsequent polling of the jury indicated that the verdict had been unanimous.

■■ The charge, read in its entirety, was complete, carefully phrased and contained all of the usual instructions as to reasonable doubt, presumption of innocence, etc. However, even if the failure to charge as to unanimity was plain error—cf. United States v. Carter, 401 F.2d 748 (3d Cir. 1969), cert. denied, 393 U.S. 1103, 89 S.Ct. 905, 21 L.Ed.2d 797 (1969)—the jury was polled and subsequently indicated its unanimity.[4] The error, under these circumstances, was harmless. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[5]

**III**

Finally, appellant contends that certain items of evidence, allegedly obtained through illegal means, were erroneously admitted into evidence and that a new trial should therefore be granted.

3. For cases involving extra-judicial courtroom identifications, see United States v. Black, 412 F.2d 687 (6th Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970) (identification at a preliminary hearing); Pettett v. United States, 434 F.2d 105 (6th Cir. 1970) (identification at an arraignment); Dade v. United States, *supra*, (identification occurring during trial of accused for a different offense).

4. The argument by counsel that the mere "possibility" that a single juror did not

know that he alone could "hang" the jury is certainly an insufficient allegation to overcome the validity of the subsequent polling.

5. In light of our conclusion, we need not discuss the implications of Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972) and Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) on this issue.

Immediately after his arraignment, Riffert was transferred to the county jail. Five days later the warden gave permission to investigating police officers to remove certain articles of appellant's clothing from a locker. No warrant had been obtained.

The District Court determined that the warrantless seizure of appellant's clothing, five days after his arrest, could not be considered "incident to that arrest" and was therefore illegal. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). Nevertheless, the Court concluded that the introduction of appellant's shoes into evidence, although error, was "harmless." We agree. Our reading of the record reveals that in context of the state's rather substantial case the admission of this evidence, if erroneous, was insignificant and "harmless error" within the meaning of Chapman v. California, *supra*.

The order of the District Court will be affirmed.