UNITED STATES of America, Plaintiff,

v.

Patricia Campbell HEARST, Defendant.

Cr. No. 74–364–OJC.

United States District Court, N. D. California.

Feb. 9, 1976.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, David P. Bancroft, Edward P. Davis, Jr., Asst. U. S. Attys., San Francisco, Cal., for the United States.

F. Lee Bailey, J. Albert Johnson, Boston, Mass., Thomas J. May, Brookline, Mass., for defendant.

## ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS EITHER COUNT OF INDICTMENT, AND DENYING DEFENDANT'S AND PLAINTIFF'S CROSS–MOTIONS TO LIMIT OPENING STATEMENTS

OLIVER J. CARTER, Chief Judge.

At the request of counsel the above matters were heard before the Court outside the presence of the jury.

The defendant moved for a dismissal of one or the other count in the indictment against her, to wit: 18 U.S.C. § 2113(a), (d), Armed Bank Robbery; and 18 U.S.C. § 924(c), Use of Firearm to Commit a Felony. The ground alleged was that since the commission of each offense charged involved a single act by the defendant, a finding of guilty under both counts could result in double punishment, and therefore double jeopardy in violation of the Fifth Amendment. This reasoning is fallacious under the cases interpreting the double jeopardy clause. Under *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and the cases following it, an essential factor in a finding that the defendant has been twice placed in jeopardy for the same offense is a prior determination in favor of the defendant.

Not only has the defendant not previously been tried and acquitted of either offense here charged, but it is a settled principle of law that two separate offenses arising out of the same act

or transaction may be charged where "each [statutory] provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). This standard is satisfied by the two offenses charged here, for the reason that the first requires the use of *any* dangerous weapon in the robbery of a *bank*, whereas the second specifically requires the use of a *firearm* in the commission of *any* felony.

 It is, of course, an altogether different question whether the defendant may or should be *punished* twice through consecutive sentences for the conviction of two offenses arising out of a single act. In denying the motion to dismiss either indictment for violation of the double jeopardy clause the Court does not intend to foreclose the defendant from raising the question of double punishment should she be convicted under both counts of the indictment and the Court be required to pass sentence. In that eventuality the Court will be open to any arguments the defendant may have against compounding sentences for these alleged offenses.

In addition, the defendant moved to limit the Government's opening statement by preventing it from referring or alluding to certain allegedly unlawful conduct of the defendant subsequent to the events giving rise to the indictments in this case. The defendant also moved for a preliminary hearing to determine the admissibility of this evidence and the admissibility of certain tape recordings of the defendant's voice alleged by the defendant to be involuntary—and therefore inadmissible—self-incriminating statements.

 At this time the Court declines to hold such a hearing, preferring instead to postpone its rulings on evidentiary matters until such time as the items of evidence in dispute are offered for admission at trial. None of the evidence mentioned by the defense in its motions is believed at this time to be so highly prejudicial to the defendant and of such minimal probative value to the Government as to warrant an absolute bar against the Government's reference or allusion to it in opening statement. Evidence tending to demonstrate an accused's possession of and proficiency with a weapon which *could* have been used in the commission of a violent crime is admissible even where such weapon is not otherwise directly linked to the defendant at the time of the alleged offense, so long as there is evidence that such a crime has been committed and the accused is identified as having been at or near the scene of the crime. *United States v. Walters*, 477 F.2d 386, 388–89 (9th Cir. 1973), *cert. denied*, 414 U.S. 1007, 94 S.Ct. 368, 38 L.Ed.2d 245 (1974). Furthermore, it has long been the rule in this and other circuits that "[r]elevant evidence which tends to prove a material fact in the case on trial is admissible even though it incidentally shows that the accused committed another offense at a different time and place." *Fernandez v. United States*, 329 F.2d 899, 908 (9th Cir. 1964), *cert. denied*, 379 U.S. 832, 85 S.Ct. 62, 13 L.Ed.2d 40. *See also United States v. Grammer*, 513 F.2d 673 (9th Cir. 1975); *Anthony v. United States*, 256 F.2d 50, 53 (9th Cir. 1958); *Hill v. United States*, 363 F.2d 176 (5th Cir. 1966). Both *Anthony* and *Hill, supra*, involved acts of the defendant committed *subsequent* to the time of the offense, yet because the conduct offered into evidence in each case was relevant to the material issue of *intent* in the offense charged and was not too remote in time from such offense, evidence of that subsequent conduct was admissible. Finally, Rule 404(b) of the Federal Rules of Evidence provides that although evidence of other crimes or bad acts cannot be admitted as evidence of the defendant's bad character, "[i]t may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

 The aforementioned factors and citations are noted not for the purpose of

indicating any predilection on the part of the Court for ruling in favor of admissibility of the evidentiary matters here in controversy, but only to demonstrate that there exists sound precedent for the admissibility of this *type* of evidence, subject only to the reservation that should its prejudicial effect be found to outweigh its probative value, the evidence must be excluded. Until the Government has been given the opportunity to lay a proper foundation, however, we do not know the precise quality and character of such evidence nor the purpose for which it is being offered. Such a determination is best left to its proper sequence in the course of this trial, that is, to the time during the presentation of its case in chief when the Government elects to offer such evidence for admission. At that time the Court will hear arguments on the matter outside the presence of the jury and be in a better position, having observed and heard other evidence already admitted, to determine whether evidence of the defendant's subsequent conduct is more prejudicial than probative.

For the same reasons, the Court will deny defendant's motion for a hearing at this time on the admissibility of certain tape recordings of the defendant's voice in which she makes allegedly incriminatory statements. This matter can also be taken up at the time such evidence is offered for admission. The question of voluntariness involves factual as well as legal determinations and is best decided when other foundational evidence necessary to a resolution of the factual disputes going to the issue of voluntariness has been admitted.

Finally, the Court will deny the Government's motion to limit defense reference to psychiatric expert testimony and reports and will deny the motion for a hearing on this matter at the present time. The defense may or may not be able to lay the proper foundation for the admission of such evidence on the issue of the defendant's intent, but the Court discerns no irreparable prejudice to the Government in permitting defense counsel to make reference or allusion to the possibility of such testimony in his opening statement. The question of admissibility may be considered at the time the evidence is offered.

Accordingly, IT IS ORDERED that all of the aforementioned motions for a preliminary hearing on the question of admissibility of the evidence hereinbefore described be, and the same are, hereby denied.

IT IS FURTHER ORDERED that all motions, hereinbefore described, to limit opening statements by counsel for both Government and defense be, and the same are, hereby denied.

IT IS FURTHER ORDERED that the motion to dismiss either count of the indictment against the defendant be, and the same is, hereby denied.