892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Murray "Matt" RASKIN, Defendant-Appellant.
 No. 87-1132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1989.*
Decided Oct. 13, 1989.
 
 Before SCHROEDER, BOOCHEVER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Murray "Matt" Raskin appeals his conviction and sentence on six counts of individual and corporate income tax evasion under 26 U.S.C. § 7201 for the years 1980, 1981, and 1982. Raskin contends that the district court erred in refusing to admit evidence of subsequent returns, in excluding evidence of his business acumen, and in refusing to instruct the jury on the lesser included offense under 26 U.S.C. § 7207. We affirm.
 
 
 3
 a. Evidence of Subsequent Returns
 
 
 4
 The district court refused to allow Raskin to introduce subsequent returns for the tax years of 1983 and 1984 as evidence that the tax deficiencies in his 1980-82 returns were not willful. We review a district court's decision to exclude evidence for an abuse of discretion. United States v. Smith, 735 F.2d 1196, 1198 (9th Cir.) cert. denied, 469 U.S. 1076 (1984).
 
 
 5
 The district court did not abuse its discretion here. Conduct of the defendant in the years subsequent to the filing of the fraudulent returns does not show a lack of willfulness. Sansone v. United States, 380 U.S. 343, 354 (1965) (the intent to report income and pay tax in the future does not vitiate the willfulness required by 26 U.S.C. § 7203); United States v. Ross, 626 F.2d 77, 81 (9th Cir.1980) (evidence of subsequent payments made two years after a failure to file returns was inadmissible).
 
 
 6
 The subsequent returns were filed sometime in 1984, between one and four years after the fraudulent returns were filed. At approximately the same time as the subsequent returns were filed the Raskins claim they were originally contacted by the IRS. Moreover, Raskin was on notice as to his tax return deficiencies as early as October 1982, since their accountant advised the Raskins of their obligation to take corrective measures. Thus, the subsequent returns were properly excluded, even under authority of other circuits which allows evidence of the prompt correction of errors. Hill v. United States, 363 F.2d 176, 180 (5th Cir.1966). There was no abuse of discretion.
 
 Evidence of Business Acumen
 
 7
 Evidence of the terms of Raskin's property settlement agreement and family strife was properly excluded. The property settlement agreement had no connection to the 1980-82 tax returns and was made in 1985, at least two years after the fraudulent returns were filed. The evidence of family strife also had little relevance to the issue for which it was proffered, i.e., that the son was responsible for the tax underpayments. There was no abuse of discretion.
 
 
 8
 Even using a broader standard, any relevance this evidence may have had was outweighed by its unnecessarily cumulative nature. Exclusion of cumulative evidence is within the discretion of the trial court. United States v. Elksnis, 528 F.2d 236, 238-39 (9th Cir.1975); Fed.R.Evid. 403. Discretion is abused if the exclusion prejudicially deprived the defendant of material evidence critical to his defense. United States v. Ives, 609 F.2d at 933; see United States v. Hartfield, 513 F.2d 254, 260 (9th Cir.1975). The record is replete with other evidence related to Raskin's business acumen and family strife. Thus, sufficient evidence was before the court, and the defendant was not deprived of any material evidence critical to his defense.
 
 
 9
 c. Lesser Included Instruction
 
 
 10
 Raskin argues that the district court erred in refusing to instruct the jury on the lesser-included charge of violating 26 U.S.C. § 7207.[1] Entitlement to a lesser-included offense instruction is dependent upon a two-part test. "First, the defendant must identify the lesser-included offense. Second, the defendant must demonstrate that a rational jury could find that defendant guilty of the lesser offense but not the greater." United States v. Pace, 833 F.2d 1307, 1314 (9th Cir.1987) cert. denied, 108 S.Ct. 1742 (1988).
 
 
 11
 In Sansone v. United States, 380 U.S.343 (1965), the Court considered the applicability of the lesser-included offense doctrine to sections 7201, 7203, and 7207 of the Internal Revenue Code and concluded that a lesser-included offense charge under section 7207 was not proper where the disputed factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. Id. at 350. "A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." Id.
 
 
 12
 Like Sansone, Raskin does not dispute the fact that he filed a tax return with a tax deficiency. The only contested issue was the willfulness of that deficiency, an element of both the lesser and greater offenses. Therefore, Raskin was not entitled to an instruction for the lesser offense.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is unclear from Raskin's brief whether he is arguing that he was entitled to a lesser-included offense charge for violating section 7207 or 7203 or both. This does not affect the outcome, however, since the analysis and result is the same for both statutes