**UNITED STATES of America,**
**Appellee,**

v.

**Robert Lee DAVIS, Appellant.**

**No. 12448.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 8, 1969.

Decided Feb. 27, 1969.

Donald F. Rogers, Baltimore, Md. (Court-appointed counsel) [Alpert, Lichter, Coleman, Pezzulla & Rogers, Baltimore, Md., on brief] for appellant.

Paul M. Rosenberg, Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., and Alan I. Baron, Asst. U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

Robert Lee Davis, convicted of kidnapping in violation of 18 U.S.C. § 1201 (a), was identified at trial by the victim. Davis complains that pretrial identification by the victim deprived him of a fair trial. Under all the circumstances, we find no violation of due process and affirm the judgment of the district court.

When he was kidnapped, the victim had but a fleeting glance of his assailant. Thereafter, his first identification of Davis, after he had failed to recognize him in photographs, occurred at the preliminary hearing. There is no indication that this occasion was used by the government to provide the setting for an unfair confrontation or that it had this effect. The hearing was conducted before a United States Commissioner. Davis was not handcuffed, and no attempt was made to single him out before the victim recognized him. Davis was represented by counsel who made no objection about the conduct of the hearing or the manner of identification.

Later, at the trial, the district judge permitted Davis to be seated among the spectators instead of at the counsel table, and he also ordered the sequestration of witnesses. During a recess, however, the victim recognized Davis in the corridor accompanied by members of his family and several other persons. Davis was not handcuffed or otherwise pointed out to the victim. There is no suggestion that the opportunity for the victim to observe Davis was prearranged. On the contrary, it was simply inadvertent. Cf. United States v. Marson, 408 F.2d 644 (4th Cir. 1968).

Due process does not require that every pretrial identification of a witness must be conducted under laboratory conditions of an approved lineup. United States v. Quarles, 387 F.2d 551, 556 (4th Cir. 1967). Here the victim's opportunities to see Davis were simply those that are likely to occur at various stages of all criminal proceedings. Nor were the confrontations "so unnecessarily suggestive and conducive to irreparable mistaken identification" that Davis was denied due process of law. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). We conclude, therefore, that the district judge did not err in admitting the victim's in-court identification. Through cross-examination every circumstance that might have led to mistaken identity was thoroughly exposed. And finally, we note, as did Mr. Justice Harlan in Simmons v. United States, 390 U.S. 377, 385, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), there was little chance that the victim's pretrial opportunities to see Davis led to misidentification. Davis' fingerprint, left upon the victim's property, linked him to the crime.

The judgment is affirmed.