COMMONWEALTH *vs.* ARNOLD JACKSON (and a companion case).   April 1, 1971.   The defendant appeals under G. L. c. 278, §§ 33A–33G, and assigns as error the denial of his motion for a new trial following his convictions in the Superior Court in a jury waived session on charges of assault and battery with a dangerous weapon, and armed robbery.   The police had arrested the defendant about four weeks after the robbery and brought him to the Municipal Court of the Dorchester District for arraignment, where the victim identified him in the dock.   The sole ground argued to us is that this pre-trial identification was constitutionally defective and should not have been admitted in evidence, and that it fatally tainted the victim's in-court identification of the defendant.   Both the pre-trial identification and the trial occurred before the decisions in *United States* v. *Wade*, 388 U. S. 218, and *Gilbert* v. *California*, 388 U. S. 263.   Under *Stovall* v. *Denno*, 388 U. S. 293, 302, the pre-trial identification may be attacked only if on "the totality of the circumstances surrounding it" it was "so unnecessarily suggestive and conducive to irreparable mistaken identification that . . . [the defendant] was denied due process of law."   In applying this principle, we have held that "an identification by a witness to a crime, without the presence of counsel, is admissible in evidence if reasonable in the light of all the circumstances." *Commonwealth* v. *Connolly*, 356 Mass. 617, 624.   The identification here satisfied that requirement.   No police bias is suggested in the identification procedure.   The victim was simply asked if he could identify anyone in the court room.   *Commonwealth* v. *Bumpus*, 354 Mass. 494, 500.   *Commonwealth* v. *Sullivan*, 354 Mass. 598, 605.   *Commonwealth* v. *Kazonis*, 356 Mass. 649, 652. Federal cases have sustained pre-*Wade* identifications made at preliminary hearings against similar due process challenges.   *United States* v. *Lipowitz*, 407 F. 2d 597, 599 (3d Cir.).   *United States* v. *Davis*, 407 F. 2d 846, 847 (4th Cir.).   *Clemons* v. *United States*, 408 F. 2d 1230, 1240, 1249 (Ct. App. D. C.). Finally, the victim at the trial emphasized the opportunity which was his before he was assaulted and robbed to observe the men involved, including the defendant whom he saw subsequently at the Municipal Court of the Dorchester District.

*Judgments affirmed.*

*Reuben Goodman* for the defendant.
*Newman A. Flanagan*, Assistant District Attorney (*Paul J. O'Rourke*, Legal Assistant to the District Attorney, with him) for the Commonwealth.