**Ralph Benno HABERSTROH, Petitioner,**

v.

**Superintendent MONTANYE, Attica Correctional Facility, Respondent.**

Civ. No. 1972-277.

United States District Court, W. D. New York.

July 30, 1973.

Daniel J. Weinstein, The Legal Aid Bureau of Buffalo, Inc., Buffalo, N. Y. (Michael J. Fitzgerald, Buffalo, N. Y., of counsel), for petitioner.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, Buffalo, N. Y., (Bedros Odian, Buffalo, N. Y. of counsel), for respondent.

CURTIN, District Judge.

At approximately 1:00 A.M. on April 22, 1968, a patron of the Mancuso Restaurant in Batavia, New York, drew a revolver and forced the bartender and four other patrons behind the bar while he took the night's receipts and fled. As a result of this crime, petitioner Ralph Benno Haberstroh was charged with robbery in the first degree and larceny in the second degree, convicted as charged after a jury trial in Genesee County Court and sentenced to concurrent terms of up to eight years and up to three years imprisonment. The conviction was affirmed by the Appellate Division, Fourth Department, People v. Haberstroh, 37 A.D.2d 692, 323 N.Y.S.2d 414 (1971), and leave to appeal was denied. The instant petition for a writ of habeas corpus followed.

Petitioner's first contention arises out of the fact that identification testimony was given at his trial by the bartender at the Mancuso Restaurant, Arthur Smith, and by one of the patrons, Raymond Laesser. Smith identified petitioner as the perpetrator of the robbery. Laesser could not do so, but he testified that petitioner "resemble[d] very closely" the man he had identified as the perpetrator at a preliminary hearing conducted in Batavia City Court on August

2, 1968, and that he was certain the man he had identified at the preliminary hearing was the perpetrator. Petitioner argues that the admission of this testimony violated his right to due process of law by virtue of the identifications made by Smith and Laesser at the preliminary hearing and the photographic identification made by Smith sometime in July, 1968.

■ At the outset, it is clear that no violation of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), occurred in petitioner's case. There is no constitutional right to counsel at a photographic identification, *see* United States ex rel. Gonzalez v. Zelker, 477 F.2d 797, 800 n. 2. (2d Cir., 1973), and cases cited therein, and petitioner was represented by counsel at the preliminary hearing at which he was identified. In order for petitioner to succeed on his first claim, therefore, the pretrial identifications must be found to have been made at confrontations which were, under the two-pronged test of Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967), "unnecessarily suggestive and conducive to irreparable mistaken identification." *See* Kirby v. Illinois, 406 U.S. 682, 691, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

■ Turning first to the confrontations occurring at the preliminary hearing, they were conducted as part of a judicial proceeding at which petitioner was represented by counsel. Furthermore, while petitioner's attorney did not request that a lineup be held, he fully cross-examined the witnesses as to their identifications. Under these circumstances, it cannot be said that the confrontations were "unnecessarily suggestive" and violative of *Stovall*. *See* United States ex rel. Riffert v. Rundle, 464 F.2d 1348, 1350–1351 (3d Cir. 1972); United States v. Hardy, 451 F.2d 905, 906 (3d Cir. 1971); United States v. Cole, 449 F.2d 194, 199–200 (8th Cir.

1971), cert. denied, 405 U.S. 931, 92 S. Ct. 991, 30 L.Ed.2d 806 (1972).

■ Paraphrasing the *Stovall* test, the Supreme Court in Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), stated that an identification at trial following a pretrial identification by photograph will violate due process "only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Smith's photographic identification of petitioner occurred under circumstances that were "impermissibly suggestive." He was shown three photographs, and, although the police did not indicate by words or gesture the photograph depicting petitioner, the other photographs did not fit the description of the robber he had given after the crime. It is necessary therefore to determine whether the procedure gave rise to "a very substantial likelihood of irreparable misidentification." The determination must be made "on the totality of the circumstances," Stovall v. Denno, supra, 388 U.S. at 302, 87 S.Ct. at 1972, and the ultimate issue is "whether, before the imprint arising from the unlawful identification procedure, there was already such a definite image in [Smith's] mind that he [was] able to rely on it at trial without much, if any, assistance from its successor." United States ex rel. Phipps v. Follette, 428 F.2d 912, 915 (2d Cir.), cert. denied, 400 U.S. 908, 91 S.Ct. 151, 27 L.Ed.2d 146 (1970). See United States ex rel. Gonzalez v. Zelker, *supra*, 477 F.2d at 801–802.

■ A careful reading of the trial record indicates that Smith had a definite image of petitioner in his mind prior to the exhibition of the photographs and that there is no substantial likelihood that Smith misidentified petitioner as a result of the exhibition. Smith had ample opportunity to observe petitioner at the time of the crime. *See* United States ex rel. Frasier v. Hender-

son, 464 F.2d 260, 265 (2d Cir. 1972). Petitioner was in the well-lighted restaurant for approximately twenty minutes, during which time he drank two bottles of an infrequently-ordered beer before committing the crime. When Smith served the first bottle over the three-foot wide bar, he had a brief conversation with petitioner about the weather. Thereafter he glanced at petitioner several times to see if petitioner had finished drinking the contents of the bottle, and he looked directly at petitioner during the commission of the robbery. Petitioner's eyes, which Smith described at the preliminary hearing as "real starey" and at trial as "sunken" and "so wild looking," made a lasting impression upon him. At the preliminary hearing, he stated that he could not forget petitioner's eyes and, at both the preliminary hearing and the trial, he stated that he had even dreamed about them. Smith's focusing on petitioner's eyes and the fact that petitioner was wearing a hat which cast a shadow over his face accounts for Smith's failure to notice a scar on his face and for Smith's description of him to the police as dark in complexion. Smith testified several times at the preliminary hearing and the trial that he was certain of his identification of petitioner, and this positive identification is a factor entitled to consideration on the issue at hand. United States ex rel. Gonzalez v. Zelker, supra, 477 F.2d at 801. Furthermore, at both the preliminary hearing and the trial Smith was subjected to thorough cross-examination on his identification. Cross-examination lessens the possibility of misidentification, especially when there is a long period between the crime and the trial. Id. at 801–802. Finally, the fact that petitioner's fingerprints were found on the two bottles served to him corroborates Smith's identification and establishes that no violation of due process occurred in his case. See id. at 803.

Petitioner's other contention is that his right to due process was violated by the prosecutor's reference in summation to his failure to testify. The reference occurred in the following portion of the prosecutor's summation:

First of all, let's take a look at the defense in this case. It's true that they don't have to present any proof whatsoever, the burden of proof is on the People, no question about this. But here for obvious reasons, I think they felt it was necessary to present some proof. Let's take a look at that proof. First of all let's take a look at the proof that wasn't there. *The witness that wasn't there, that was not submitted, this is Haberstroh. He did not testify.* The proof that was submitted was by this fellow, Pat Riscili. Tr. 536–37 (emphasis added).

It is clear that "the Fifth Amendment, in its direct application to the Federal Government, and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965). In petitioner's case the prosecutor's direct comment that petitioner "did not testify" constituted a violation of this principle. See Collins v. United States, 383 F.2d 296, 302 (10th Cir. 1967). *Compare* United States ex rel. Satz v. Mancusi, 414 F.2d 90, 92 (2d Cir. 1969) ("most oblique" reference to the defendant's failure to testify).

In the context of the entire record, however, the prosecutor's remark was harmless error. Petitioner's case was not one where the prosecutor's comment on his failure to testify was "extensive [and] where an inference of guilt from silence [was] stressed to the jury as a basis of conviction . . . ." Anderson v. Nelson, 390 U.S. 523, 524, 88 S.Ct. 1133, 1134, 20 L.Ed.2d 81 (1968). Compare id.; Chapman v. California, 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705

(1967). Rather the case presented a situation where the prosecutor made a single passing allusion to petitioner's failure to take the stand without characterizing it as evidence of guilt. Furthermore, as in United States ex rel. Satz v. Mancusi, *supra*, 414 F.2d at 92, counsel for petitioner made no objection at the time of the remark, and the trial judge later instructed the jury that a defendant's failure to testify should not be considered as an admission of or evidence of guilt.[1] Under these circumstances, the remark could not "possibly [have] influenced the jury adversely to" petitioner, Chapman v. California, *supra*, 386 U.S. at 23, 87 S.Ct. at 828, and thus may be characterized as harmless error.

The petition for a writ of habeas corpus is denied.

Certificate of probable cause and permission to appeal in forma pauperis are granted. Petitioner may file a notice of appeal with the Clerk of the United States District Court, United States Court House, Buffalo, New York, without the payment of filing fees.

So ordered.

---

1. The instruction read as follows:

Now, in every criminal case there is a rule that applies to every defendant and that is this; no defendant in a criminal case is compelled to take the witness stand. By the plea of not guilty interposed by the defendant, the defendant denies the charges against him or her, as the case may be, and puts into issue every material allegation of the indictment and the burden is upon the prosecution to prove the guilt of the defendant beyond a reasonable doubt. The defendant in a criminal case may stand mute. The fact that he does not take the stand in his own defense may not be considered by you as an admission of his guilt or any evidence or inference of the defendant's guilt, because the law says that every defendant in a criminal case is presumed to be innocent. I shall discuss that presumption and the law of reasonable doubt and the burden of proof later in the charge.

Most importantly now in your deliberations, if you have a question in your mind and you might surmise, and again I say, you are not here to surmise, someone might suggest that that point could have been answered if the defendant took the stand or if the defendant took— said something. He is under no obligation to take the stand. He is under no obligation to say anything, and the fact that he says nothing cannot be held to mitigate against him.

You cannot judge the defendant or draw any inference against him by the fact that he chose to say nothing. Our federal constitution, the fifth amendment or the New York State Constitution provides just that, that in any criminal proceeding, no man should be held or compelled to give testimony or make any answer. So the fact that the defendant does not take the stand, you cannot, if you discharge your duties honestly and truthfully, cannot be considered by you.
Tr. 587–89.