Ralph Benno **HABERSTROH**, Petitioner-Appellant,

v.

Superintendent **MONTANYE**, Attica Correctional Facility, Respondent-Appellee.

**No. 672, Docket 73–2353.**

United States Court of Appeals, Second Circuit.

Argued Jan. 21, 1974.

Decided March 14, 1974.

---

Steven M. Hochberg, New York City (Michael Jaffe, New York City, on the brief), for petitioner-appellant.

Burton Herman, Asst. Atty. Gen. of the State of New York (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before HAYS, MANSFIELD and OAKES, Circuit Judges.

PER CURIAM:

Appellant brought this habeas corpus action alleging that certain identification testimony at his trial was influenced by impermissibly suggestive pretrial identifications and that the prosecuting attorney improperly commented on his failure to testify. The district court denied the writ. 362 F.Supp. 838 (W.D.N.Y.1973). We affirm.

At about 1:00 A.M. on April 22, 1968, a man entered the Mancuso Restaurant in Batavia, New York, and after ordering and drinking two beers, robbed the restaurant. Appellant was charged with the crime and convicted in state court. His conviction was affirmed on appeal in the state courts. 37 A.D.2d 692, 323 N.Y.S.2d 414 (4th Dep't 1971).

Appellant objects to the admission at trial of the identification testimony of Arthur Smith, the bartender at the restaurant at the time of the robbery. After the robbery the police went to the restaurant several times and showed Smith about a hundred photographs. Smith recognized none of them as the robber. Some time later the police asked him to come to the police station to examine three additional photographs. One of the photographs depicted Haberstroh, while the others did not fit the description given the police by witnesses after the robbery. From this group Smith identified Haberstroh as the criminal.

The district court found this procedure impermissibly suggestive, but held that the circumstances disclosed no substantial possibility that the exhibition of the photographs led to misidentification of the appellant at trial.

The conviction must stand unless "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L. Ed.2d 1247 (1968). We must examine the claimed violation in "the totality of the circumstances." Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L. Ed.2d 1199 (1967). Considering the elements enumerated by the Supreme Court in Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), we find no "substantial likelihood of irreparable misidentification." Smith had ample opportunity to view the robber for over twenty minutes at close range at the time of the crime. He looked at the robber several times and the robber's appearance made a lasting impression on him. His identification of Haberstroh was unequivocal at the time of the photographic identification, the preliminary hearing, and the trial, and remained so despite effective cross-examination. These factors support the conclusion that misidentification was not a

"substantial likelihood." See United States ex rel. Gonzalez v. Zelker, 477 F. 2d 797, 801–802 (2d Cir. 1973). The discovery of appellant's fingerprints in the restaurant on a bottle of the brand of beer that Smith testified the robber drank further reduces the possibility of misidentification. See id., at 803–804.

 Appellant further objects to his identification at trial by the witness Laesser, who was a patron in the restaurant at the time of the robbery. Laesser identified appellant as the robber at a preliminary hearing at which appellant was represented by counsel. His counsel neither objected to this identification of appellant nor requested a line-up. No objection to the identification was raised in the state appellate courts. Counsel for appellant did, however, cross-examine Laesser closely at the hearing. Laesser testified he had clearly observed the robber at close range. All these factors, together with the corroborative evidence, indicate that there was no substantial likelihood of misidentification.

Appellant addresses a final objection to the following comment by the prosecutor in summation concerning his failure to testify:

> "First of all, let's take a look at the defense in this case. It's true that they don't have to present any proof whatsoever, the burden of proof is on the People, no question about this. But here for obvious reasons, I think they felt it was necessary to present some proof. Let's take a look at that proof. First of all let's take a look at the proof that wasn't there. *The witness that wasn't there, that was not submitted, this is Haberstroh. He did not testify.* The proof that was submitted was by this fellow, Pat Riscili." (Emphasis added.)

The prosecutor's remark was clearly improper. See Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). However, the comment was brief and superficial and was addressed to credibility rather than substance. It is highly unlikely that the comment swayed the jury. Appellant did not object to it. The trial judge instructed the jury not to consider the failure to testify as evidence of guilt. Under the circumstances the error in the comment was harmless. See United States ex rel. Satz v. Mancusi, 414 F.2d 90, 92, n. 1 (2d Cir. 1969); United States v. Nasta, 398 F.2d 283, 285 (2d Cir. 1968); United States ex rel. Miller v. Follette, 397 F.2d 363, 367 (2d Cir. 1968).

Affirmed.