333 A.2d 743

**COMMONWEALTH of Pennsylvania**

v.

**Simon EVANS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 27, 1974.

Decided March 18, 1975.

Louis Silverman, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief Appeals Div., Suzanne Balen Ercole, Asst. Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Asst. Chief, Appeals Div., Abraham J. Gafni, Deputy Dist. Atty. For Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Simon Evans, was tried by a judge and jury and found guilty of murder in the first degree. Post-trial motions were denied and appellant was sentenced to life imprisonment. This appeal followed.

Appellant's conviction arose out of the murder of Mack Baker on January 7, 1972, in the City of Philadelphia.

■ Appellant first argues that his oral confession should have been excluded because it was not preceded by

proper *Miranda* warnings. We do not agree. Appellant was arrested on January 8, 1972, at about 7:00 a. m., by officers of the Philadelphia police. When police initially arrested appellant, they started to give him his *Miranda* warnings, but they were interrupted by the appellant, who stated: "I know all that." After this interruption, appellant was transported to police headquarters. At this point, the failure of appellant to receive his full *Miranda* warnings did not prejudice him because he was not questioned by the police officers. After appellant arrived at police headquarters, he was given his full *Miranda* warnings, and questioned. He initially denied complicity in the homicide. He was thereafter reinterviewed and he gave an oral confession. Under these facts, the record supports the Commonwealth's contention that the oral confession was preceded by full *Miranda* warnings and voluntarily given. See *Commonwealth v. Parks*, 453 Pa. 296, 309 A.2d 725 (1973).

Appellant next argues that the court erred in allowing the Commonwealth to prove that appellant purchased heroin with the money he obtained in the robbery-murder of the victim, Mack Baker. The argument is based on the theory that this testimony related to other crimes for which appellant was not on trial and thereby prejudiced his case. This evidence offered by the Commonwealth was relevant and admissible to show appellant's motive and intent in the robbery and murder of the victim. See *Commonwealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970).

Appellant next argues that his trial counsel was ineffective because "irreconcilable" differences existed between himself and his attorney which prejudiced his defense. The record below is devoid of any factual basis for this assertion.

Appellant next argues that he has a constitutional right to a pre-trial lineup and that the Common-

**316**

wealth's failure to conduct such a lineup requires a reversal of his conviction. We can find no support in law for this proposition.

Appellant raises other allegations of error which we need not discuss, as they were not properly preserved for appellate review. See *Commonwealth v. Clair,* —— Pa. ——, 326 A.2d 272 (1974).

Judgment of sentence affirmed.

ROBERTS, J., concurs in the result.