400 A.2d 1289

**COMMONWEALTH of Pennsylvania**

v.

**Warren SEXTON, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 12, 1979.

Decided May 1, 1979.

Steven H. Goldblatt, Deputy Dist. Atty., Gaile McLaughlin Barthold, Asst. Dist. Atty., Philadelphia, for appellant.

John W. Packel, Chief, Appeals Div., Asst. Public Defender, Steven A. Monley, Asst. Public Defender, Philadelphia, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

NIX, Justice.

The pivotal issue in this case is whether an identification made during a certification hearing[1] should be excluded because of the court's denial of a prior request by the defense for a pre-hearing lineup. We granted the Commonwealth's request for review to answer the difficult question as to under what circumstances, if any, an accused is entitled to a pre-hearing lineup, and the subsidiary question in the event that there are circumstances when such lineups are required upon demand, the remedy for failing to accede to such request.

The Commonwealth's evidence at trial established that on December 21, 1974, appellee and a friend entered a food market in the City of Philadelphia. He browsed about the store for a short period of time, then approached the cashier, pulled a gun and demanded the money in the register. After obtaining the contents of the cash drawer, appellee

1. See, 11 Pa.C.S.A. § 50–325 (Supp.1978–79).

ran from the store and was followed by Mr. Weinstein who unsuccessfully attempted to overtake him. During the chase, appellee fired a shot in the direction of his pursuer. Weinstein testified that he observed appellee for more than a minute in the store before appellee approached the cashier. Mr. Weinstein's identification of appellee at trial as the person who robbed his store and fired the shot at him was the only evidence connecting appellee to the crime. In response, the appellee sought to establish the defense of alibi.

In the course of the certification hearing, Weinstein first identified appellee as the perpetrator of the robbery. Prior to the hearing, appellee filed a motion requesting a lineup, which request was denied at the beginning of the hearing before Mr. Weinstein entered the courtroom. Appellee, subsequently, moved to suppress the certification hearing identification and the in-court identification, alleging that the certification identification was unnecessarily suggestive and tainted the in-court identification at trial. The trial court concluded that there was no constitutional right to a pre-trial lineup and that the denial of the request for a lineup in this case did not constitute an abuse of discretion. In the Superior Court's opinion announcing its judgment,[2] Judge [now President Judge] Cercone, although indicating that the denial of the request for a pre-hearing lineup under the facts of this case amounted to an abuse of discretion,[3] proceeded to also hold that the identification at the certification hearing was unduly suggestive and thus tainted. *Commonwealth v. Sexton,* 246 Pa.Super. 30, 36, 369 A.2d 794, 797 (1977). Consequently, that court directed that the cause be remanded to determine whether the in-court identification at trial was tainted by the earlier one-on-one confrontation at the certification hearing. We granted review because of

---

**2.** Judge Cercone's opinion was joined by Hoffman, J. Judge Van der Voort filed a concurring and dissenting opinion which was joined by Spaeth, J. Judge Price filed a dissenting opinion joined by Watkins, P. J. and Jacobs, J.

**3.** The concurring and dissenting members did not agree that the request for a lineup was improperly denied.

the troublesome questions raised in this appeal, as evidenced by the different views expressed by the various judges who have considered the problems.

At the outset, it is important to separate the question of the propriety of the court's refusal to permit the pre-hearing lineup and the asserted suggestiveness of the certification hearing identification.

The majority of the Superior Court, in perceiving a need to provide a remedy in this case, mistakenly focused upon the certification hearing identification and failed to recognize the full significance of the earlier ruling denying the request for a pre-hearing lineup. If we were to consider only the certification hearing identification, it must be conceded that there was nothing unique that exacerbated the suggestiveness normally attending such procedures. There are many cases in the federal courts, where the initial one-on-one confrontation between an accused and an identifying witness occurs at an in-court preliminary hearing, which have held the identification procedures not to be unduly suggestive and the identification evidence derived therefrom to be reliable. *See, e. g., Clemons v. United States,* 133 U.S.App.D.C. 27, 408 F.2d 1230, 1240 (1968), *cert. denied,* 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969); *United States v. Davis,* 407 F.2d 846, 847 (4th Cir. 1969); *United States v. Freie,* 545 F.2d 1217, 1224 (9th Cir. 1976); *Haberstroh v. Montanye,* 362 F.Supp. 838 (W.D.N.Y.1973), *affirmed* 493 F.2d 483 (2d Cir. 1974).

The suggestive quality arising from a courtroom confrontation is created by the fact that the accused is clearly designated by his role in the proceeding as the suspected perpetrator prior to the identification. The type of inherent suggestiveness present in all one-to-one confrontations is present, and to some extent magnified, where the identification is made in open court. *Commonwealth v. Fant,* 480 Pa. 586, 591, 391 A.2d 1040, 1043 (1978), *Commonwealth v. Fowler,* 466 Pa. 198, 203–04, 352 A.2d 17, 19–20 (1976). *See also United States ex rel. Riffert v. Rundle,* 464 F.2d 1348, 1350 (3d Cir. 1972), *cert. denied sub. nom. Riffert v. Johnson,*

415 U.S. 927, 94 S.Ct. 1434, 39 L.Ed.2d 484 (1974). Neverthe-less, the key in determining the admissibility of such evi-dence is not simply the suggestiveness of the circumstances surrounding the identification but rather the likelihood of misidentification. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972):

> It is the likelihood of misidentification which violates a defendant's right to due process, and it is this which was the basis of the exclusion of evidence in *Foster* [, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402]. Suggestive confronta-tions are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous. But as *Stovall* [, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199] makes clear, the admission of evidence of a showup without more does not violate due process.
>
> *Id.* at 198, 93 S.Ct. at 381–382.

 Thus the suggestiveness of the confrontation is only a factor to be considered in determining the reliability of the identification evidence. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Unlike those instances where we have determined that a fair trial re-quired the exclusion of the evidence, *see, e. g., Common-wealth v. Bogan,* 482 Pa. 151, 393 A.2d 424 (1978); *Common-wealth v. Fant, supra,* we cannot agree that viewing the totality of the circumstances surrounding the certification hearing identification in this case was so unreliable as to offend due process.[4] Thus, if we were *only* presented with the question of the identification evidence, we would have

4. In this case, appellee was the only young and black male in the courtroom where this case was announced by his name and the complainant, while never having viewed appellee in a non-suggestive setting, had been given appellee's name by the police. Appellee argued that the "compulsion to identify [him] was inexorable." On these facts, we cannot conclude that the identification at the certifi-cation hearing was unduly suggestive, although it certainly was highly suggestive. There is little, if anything, to distinguish this certification hearing from any other similar pre-trial hearing contain-ing an identification.

little difficulty in finding that appellee was not entitled to relief.

The difficult aspect of this case is presented by the court's refusal to grant appellee's timely request for a pre-hearing lineup. We can perceive of no situation where such a request would be more warranted. The sole evidence connecting appellee to this crime was the identification of Mr. Weinstein,[5] who had no knowledge of appellee before the incident, observed the culprit briefly before and during the crime, had no contact with the appellee between the arrest and the certification hearing, and had not been presented with an opportunity of a photographic identification prior to the hearing confrontation. Although, rejecting appellee's claim of an abuse of discretion, the trial judge conceded that a "lineup might have been best in this case." The dissenters in the Superior Court characterized the denial of the application as "certainly injudicious" and being without "a very good reason for doing so." *Commonwealth v. Sexton, supra,* 246 Pa.Super. at 38, 369 A.2d at 799 (dissenting opinion). The trial court justified rejecting the abuse of discretion contention on the ground that there is no constitutional right to a pre-trial lineup. The Superior Court dissenters acknowledged the abuse of discretion but concluded that there was no remedy available. We disagree with both.

While we concede that under the present state of the law it has not been determined that an accused has a constitutional right to a lineup, *see Moore v. Illinois,* 434 U.S. 220, 230–31 n.5, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); *Commonwealth v. Cornish,* 471 Pa. 256, 370 A.2d 291 (1977); *Commonwealth v. Evans,* 460 Pa. 313, 333 A.2d 743 (1975), it does not follow, as the trial court suggests, that a judge can arbitrarily and capriciously deny such a request. Although

---

5. The dissenting opinion by Judge Price of the Superior Court includes a reference that: "An eyewitness to the robbery knew appellant by name, and on this basis appellant was arrested two days later." *Commonwealth v. Sexton, supra,* 246 Pa.Super. at 37, 369 A.2d at 798 (dissenting opinion). At trial, however, the Commonwealth produced only one witness, Weinstein, the storeowner, who could identify the appellant.

24

the United States Supreme Court has yet to address the question of the defendant's constitutional right to a pre-trial lineup, it has, nevertheless, recognized the importance that such a procedure may have in ameliorating the suggestiveness of a courtroom confrontation and in insuring the reliability of identification evidence. *See Moore v. Illinois, supra* at 230–31 n.5, 98 S.Ct. 458 and accompanying text.

The fact that a decision is left to the sound discretion of the court does not place the propriety of the ruling beyond review. Where it is shown that his decision is without justification and that the accused has been substantially harmed thereby, it is incumbent upon the reviewing court to provide a remedy commensurate to the harm sustained by the party receiving the adverse ruling.

We also do not accept the view of the Superior Court dissenters that the injury is irremediable. Although we agree with the dissenters that the exclusion of the identification evidence was inappropriate, it does not follow that this determination forces the conclusion that no other remedy is available. Since we have concluded that the identification was admissible, to exclude it because of the court's abuse of discretion in denying the request for a lineup would be punitive rather than remedial. It is, therefore, necessary first to examine the nature of the injury occasioned by the improper ruling before attempting to fashion an appropriate remedy.

The purpose of permitting a lineup identification under circumstances such as those presented here is to provide a setting which is less suggestive than the one-on-one confrontation provided by an in-court identification. By denying this request, appellee was prevented from having the witness attempt to identify him in a more objective setting and, consequently, appellee lost the possibility that under such circumstances either an identification could not have been made, or that it might have been made with apparent uncertainty or hesitancy. Even if the results of such procedure had been favorable to the accused, the Com-

monwealth would not have been prevented from introducing a subsequent in-court identification. At best, the evidence concerning the lineup could have been used to challenge the weight to be given to the subsequent in-court identification. *Commonwealth v. Cornish, supra.* We, therefore, are of the view that the harm in this case would be cured if the finder of fact hearing the cause is advised that appellee had been denied the opportunity for a more objective identification and for that reason the subsequent less reliable identification could be viewed with caution.

We have long recognized the peculiar problems raised in identification testimony. *See e. g., Commonwealth v. Mouzon,* 456 Pa. 230, 318 A.2d 703 (1974); *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820 (1954); *Commonwealth v. House,* 223 Pa. 487, 72 A. 804 (1909); *Commonwealth v. Sharpe,* 138 Pa.Super. 156, 10 A.2d 120 (1939). *See generally United States v. Wade,* 388 U.S. 218, 228, 87 S.Ct. 1926, 1933, 18 L.Ed.2d 1149 (1967), wherein it was stated, "the vagaries of eyewitness identification are well-known; the annals of criminal law are rife with instances of mistaken identification." Moreover, a recognition of the need to provide the jury with cautionary instructions to assist in their assessment of the credibility of identification testimony is likewise not novel. *Commonwealth v. Kloiber, supra.* In our instant decision, we are merely utilizing this same procedure to make the jury aware that the appellant sought and was denied an opportunity for an identification procedure in a more objective setting than the one from which the identification introduced at trial emanated.

 It is important to note the limitations of our holding today. First, we have declined to accept a per se rule that all in-court confrontations are inadmissible. Second, we have also declined to accept a per se rule that a pre-trial, pre-hearing lineup is mandatory in all cases. We are merely saying that where as here the issue of identification is legitimately at issue, a timely request for a pre-trial or pre-hearing identification procedure should be granted.

In short, the complained of injury is the denial to the accused of the possibility of evidence which could have been used to challenge the credibility of the subsequent in-court identifications. To exclude either or both of the in-court identifications, as suggested by the majority of the Superior Court, would be unduly harsh and out of proportion to the injury sustained. The doctrine of exclusion, wherein evidence which is otherwise relevant and competent is not admitted, is premised upon the impropriety of governmental action in obtaining that evidence. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Here, there was no governmental impropriety in securing this identification testimony, thus, there is no justification for the application of an exclusionary rule. We are satisfied that the remedy we have suggested adequately redresses the harm that was occasioned by the improper ruling.

The Order of the Superior Court is reversed; the judgment of sentence is reversed and a new trial is awarded.

O'BRIEN, J., did not participate in the consideration or decision of this case.

ROBERTS, J., filed a dissenting opinion.

MANDERINO, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I dissent. The record clearly demonstrates that the confrontation between the witness and appellee at appellee's certification hearing was unduly suggestive. The witness, having had no prior opportunity to identify appellee, observed him standing at the bar of the court. Appellee was the only young black male in the courtroom. I agree with the Superior Court that a remand is necessary to give the Commonwealth an opportunity to prove by clear and convincing evidence, if it can, that the identification at trial had an independent source. If the Commonwealth fails to meet this burden, then appellee would be entitled to a new trial free of the tainted evidence.

The majority's award of a new trial is both premature and unnecessary. The majority today creates a new instruction which it mandates will be available to appellee on retrial. That instruction directs the finder of fact to view the identification evidence with caution. The majority, however, allows the identification of appellee at his new trial whether or not it is tainted by the suggestive confrontation. This newly created procedure deprives appellee of his constitutional right to have the identification evidence excluded if it is not shown to have an independent origin, substantially alters the law governing the use of eyewitness identification evidence, and imposes an unwise and unnecessary burden in the trial of a criminal case.

All that is necessary here is the remand for an evidentiary hearing which the Superior Court granted to determine whether the identification of appellee at trial had a source independent of the suggestive confrontation.

MANDERINO, Justice, dissenting.

Lawyers and judges are most familiar with the truism that "hard cases make bad law." When, however, the courts rise to the occasion by fostering more just procedures as the result of sound and effective advocacy, hard cases present excellent opportunities to make good law.

Appellant argues that a defendant should be entitled, upon request, to a pre-trial lineup. Why not? Many of the miscarriages of justice brought to light result from misidentifications. One-on-one identifications in the highly suggestive atmosphere of the courtroom where the identity of the accused is continually spotlighted should not be permitted without prior evidence of a pre-trial lineup at which the accused has been identified. I realize the United States Supreme Court has not yet mandated that such a procedure is required to conform with due process requirements under the federal constitution. Yet, I have no doubt that some day they will so mandate. In the meantime, this Court should independently recognize that the requirement for a lineup would impose minimal burdens on our system of

justice, while on the other hand, introduce a quality of fairness long overdue in trials involving an identification issue.

The independent basis exception should be very limited to persons who have known each other for a long period of time. To speak of an independent basis when the basis for the identification is a matter of seconds or even minutes is to ignore the reality of the risk, in many cases, of misidentification.

In this case the independent basis is highly tenuous even without the alleged out-of-court taint. When the out-of-court taint is considered, the identification in court should be absolutely rejected.

The damage in this case has been done and cannot be undone. The identification "witness" has now had the opportunity to sit in the courtroom for a long period of time receiving the image of the accused. There can be no assurance that a lineup at this point that results in identification of defendant will not be tainted by both, the out-of-court and in-court identifications.

The judgment of sentence should be reversed and defendant discharged.