451 A.2d 263

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Bernett Lee JOHNSON.**

Superior Court of Pennsylvania.

Argued June 15, 1982.

Filed Oct. 1, 1982.

Petition for Allowance of Appeal Denied Jan. 20, 1983.

104

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

Diane Barr Quinlin, Assistant Public Defender, Pittsburgh, for appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

PER CURIAM.

■ Appellee Bernett Lee Johnson was charged with robbery, theft and receiving stolen property in connection with a drugstore robbery. Through counsel, he filed a motion to suppress photographic identification, preliminary hearing identification and subsequent in-court identification. After a hearing, the Honorable Henry R. Smith, Jr., granted appellee's motion as to all identifications except the initial photo array. The Commonwealth appealed.[1] We reverse.

The relevant facts are as follows. On December 13, 1980, a man entered the Regent Pharmacy and purchased cigarettes from the cashier, Chris Federonko. He spent some time looking around the store, exchanged a few words with the cashier and finally approached the counter and demanded money. There was some conversation at that time over the amount of money. After the man left, Ms. Federonko called the police and gave them a description. The entire incident took three or four minutes, the store was well-lighted by fluorescent lights and the man and the cashier were the only persons in the store area at the time. Ten days after the robbery, the police showed Ms. Federonko a photographic array. Without hesitation, she selected appellee's photograph. Several of the photos in the array, including appellee's, were not true photographs but photocopies. The following day the police obtained the photograph from which the copy had been made and showed it to Ms. Federonko. Upon arriving for the preliminary hearing on January 5, 1981, Ms. Federonko recognized appellee seated in the hearing room. He was the only black in the room and she

[1]. Since the Commonwealth will be substantially handicapped in prosecuting this case because it is unable to present all its available evidence, we have jurisdiction to hear the appeal. *Commonwealth v. Taper,* 434 Pa. 71, 253 A.2d 90 (1969).

did notice that he was handcuffed. She identified him as the robber and observed the photographs during the course of her testimony at the preliminary hearing. Judge Smith found that the showing of the single photograph was highly suggestive and suppressed all identification subsequent to that time.

The suggestiveness of an identification procedure alone does not warrant its exclusion. *Commonwealth v. Ransome,* 485 Pa. 490, 402 A.2d 1379 (1979). Indeed, our Supreme Court has recognized that all one-to-one identifications are suggestive. *Commonwealth v. Sexton,* 485 Pa. 17, 400 A.2d 1289 (1979). The question, however, is not whether the procedure was suggestive but whether, despite the suggestiveness, there are other factors which clearly and convincingly demonstrate that the identification has an independent origin in the witness's observations at the time of the crime. *Commonwealth v. Fowler,* 466 Pa. 198, 352 A.2d 17 (1976). To determine the reliability of an in-court identification subsequent to a suggestive identification procedure, we must consider:

(1) the manner in which the pretrial identification was conducted; (2) the witness' prior opportunity to observe the alleged criminal act; (3) the existence of any discrepancies between the defendant's actual description and any description given by the witness before the photographic identification; (4) any previous identification by the witness of some other person; (5) any previous identification of the defendant himself; (6) failure to identify the defendant on a prior occasion; and (7) the lapse of time between the alleged act and the out-of-court identification.

*Commonwealth v. Lavelle,* 277 Pa.Super. 518, 419 A.2d 1269 (1980). In applying these criteria to the instant case, we find that the initial photo array, from which Ms. Federonko selected appellee was not at all suggestive, that she had quite a long period of time to observe appellee in a well-lighted area prior to and during the crime, that he, in fact, had been only two feet away from her and had carried on conversations with her and that she had always and without

hesitation identified appellee and no one else as the robber. These facts more than sufficiently outweigh any suggestiveness present in the one-time showing of the single photograph to the witness.[2] This same reasoning would apply to the preliminary hearing identification. Any suggestiveness that may have been present at that time is inherent in the criminal justice system and is sufficiently outweighed by the factors outlined above.

Therefore, we reverse the suppression order of the lower court and remand for trial consistent with this opinion. We do not retain jurisdiction.

JOHNSON, J., dissented.

**2.** Although Judge Smith's opinion states that the witness was shown the photograph again just prior to the preliminary hearing, there is no support in the record for this finding, so we are not bound by it. *Commonwealth v. Hall*, 475 Pa. 482, 380 A.2d 1238 (1977).